UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-209-MOC
3:17-cr-180-MOC-DSC-1

| | |
|---|---|
| ERNEST KEITH, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on *pro se* Petitioner's Letter, (Doc. No. 9), that was docketed as a Motion to Appoint Counsel and Motion for Reconsideration.

In the underlying criminal case, Petitioner pleaded guilty to mail fraud and was sentenced to 41 months' imprisonment, and the Fourth Circuit Court of Appeals affirmed. United States v. Keith, 764 F. App'x 324 (4th Cir. 2019). Petitioner filed a *pro se* § 2255 Motion to Vacate in the instant case challenging the reasonableness of his sentence, the restitution and/or forfeiture amounts, and raising several claims of ineffective assistance of counsel. (Doc. No. 1). The Court dismissed and denied the § 2255 Motion to Vacate in an Order entered on March 10, 2020. (Doc. No. 6).

In the instant *pro se* filing dated May 9, 2020, Petitioner reiterates his § 2255 claims, states that he is unhappy with the Court's resolution of the case, and that he wishes to appeal and have the "complaint" construed as a civil rights lawsuit. (Doc. No. 9 at 2). He also requests counsel "to aid with case." (Doc. No. 9 at 3).

1

To the extent that Petitioner is seeking reconsideration of the denial of his § 2255 Motion to Vacate, he has failed to state any basis for such relief. See generally Fed. R. Civ. P. 59, 60; Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) ("Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered."); Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances."). Therefore, Petitioner's request for reconsideration will be denied.

Petitioner's request for the appointment of counsel is also insufficient. There is no constitutional right to the appointment of counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). In § 2255 actions, appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. The Court may appoint counsel to a financially eligible habeas petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B). Petitioner has failed to demonstrate that the appointment of counsel is warranted and the interest of justice does not require such appointment, and therefore, his request will be denied.

To the extent that Petitioner seeks to pursue a civil rights suit, he must do so in a separately civil action, subject to all timeliness and procedural requirements. See generally Preiser v. Rodriguez, 411 U.S. 475 (1973) (habeas and a civil rights suit pursuant to 42 U.S.C. § 1983 are mutually exclusive). Petitioner will be provided with a copy of a civil rights complaint form.

Petitioner has also expressed interest in appealing the denial of his § 2255 Motion to Vacate and he will also be provided with a notice of appeal form.[1]

**IT IS, THEREFORE, ORDERED** that Petitioner's Letter, (Doc. No. 9), is construed as a Motion to Appoint Counsel and Motion for Reconsideration and is **DENIED**.

The Clerk is instructed to mail Petitioner a blank civil rights complaint form and a blank notice of appeal form along with a copy of this Order.

Signed: November 21, 2020

Max O. Cogburn Jr.
United States District Judge

---

[1] The Court expresses no opinion about the timeliness or procedural viability of a civil rights action or a § 2255 appeal.